UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

————————————————

No. 23-3128

————————————————

UNITED STATES OF AMERICA,                                    Appellee,

v.

CHRISTOPHER ALBERTS,                                    Appellant.

## THE UNITED STATES' EXPEDITED MOTION TO VACATE CONVICTIONS AND REMAND FOR DISMISSAL

Pursuant to the Executive Order issued by President Donald J. Trump dated January 20, 2025, Granting Pardons and Commutation of Sentences for Certain Offenses Relating to the Events at Or Near the United States Capitol on January 6, 2021, the United States moves this Court to vacate appellant Christopher Alberts's convictions and to remand the case to the district court for dismissal with prejudice pursuant to Federal Rule of Criminal Procedure 48(a). The government has contacted Alberts's counsel, Roger Roots, Esq., who has indicated his intent to oppose this motion. Oral argument in this case is currently

scheduled for January 27, 2025, and thus the government respectfully requests an expedited ruling on its motion or, in the alternative, a continuance of the argument date. In support of this motion, the United States submits as follows:

1.      In April 2023, a jury convicted Alberts of numerous crimes he committed during the January 6, 2021, attack on the United States Capitol. Alberts appealed his conviction; that appeal is scheduled to be argued before Judges Henderson, Millett, and Walker, on January 27, 2025.

2.      On January 20, 2025, the President "grant[ed] a full, complete and unconditional pardon to [all but 14 named] individuals convicted of offenses related to events that occurred at or near the United States Capitol on January 6, 2021[.]" Granting Pardons and Commutation of Sentences for Certain Offenses Relating to the Events at Or Near the United States Capitol on January 6, 2021, *available at* https://www.whitehouse.gov/presidential-actions/2025/01/granting-pardons-and-commutation-of-sentences-for-certain-offenses-relating-to-the-events-at-or-near-the-united-states-capitol-on-january-6-2021/. That pardon includes Alberts.

3. The President's Executive Order further "direct[ed] the Attorney General to pursue dismissal with prejudice to the government of all pending indictments against individuals for their conduct related to the events at or near the United States Capitol on January 6, 2021."

4. Rule 48(a) provides the appropriate procedural mechanism to accomplish the dismissal directed by the Executive Order. Under that Rule, "the government has the power to move to dismiss any count of the indictment as long as the defendant's appeal is pending and the decision is therefore not final." *United States v. Burdeau*, 168 F.3d 352, 359 (9th Cir. 1999). The Supreme Court has repeatedly vacated convictions and remanded cases to allow the government to move to dismiss under Rule 48(a). *See, e.g., United States v. Watts*, 422 U.S. 1032, 1032 (1975) ("Upon representation of the Solicitor General set forth in his brief for the United States filed May 2, 1975, judgment vacated, and case remanded to the United States District Court for the Northern District of Georgia to permit the Government to dismiss charges against petitioner."); *Bronsozian v. United States*, No. 19-6220, 2020 WL 1906543, at *1 (U.S. Apr. 20, 2020) ("Judgment vacated, and case remanded to the United States Court of Appeals for the Ninth Circuit for further consideration in

light of the pending application to vacate the judgment and dismiss the indictment.").

5.     The government has contacted Roger Roots, Esq., Alberts's attorney, who has indicated that Alberts opposes this motion and desires to maintain the present appeal.

6.     There is no authority supporting Alberts's opposition. Article II provides that "[t]he executive Power shall be vested in a President," U.S. Const. art. II, § 1, cl. 1; that the President "shall have Power to grant Reprieves and Pardons for Offences against the United States," § 2, cl. 1; and that the President "shall take Care that the Laws be faithfully executed," § 3. Taken together, those provisions vest the power to prosecute crimes in the Executive. *In re Aiken County*, 725 F.3d 255, 263 (D.C. Cir. 2013). The Supreme Court thus has recognized that, as a general matter, "the Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case." *United States v. Nixon*, 418 U.S. 683, 693 (1974). This Court has likewise recognized that "[t]he power to decide when to investigate, and when to prosecute, lies at the core of the Executive's duty to see to the faithful execution of the laws." *CCNV v. Pierce*, 786 F.2d 1199, 1201 (D.C. Cir. 1986). Notably,

"[t]he Executive's charging authority [also] embraces decisions about . . . whether to dismiss charges once brought." *United States v. Fokker Services B.V.*, 818 F.3d 733, 737 (D.C. Cir. 2016).

A "corollary" of "[t]he Executive's exclusive authority" is that "neither the Judicial nor Legislative Branches may directly interfere with the prosecutorial discretion of the Executive by directing the Executive Branch to prosecute particular individuals." *Aiken*, 725 F.3d at 263 (citation omitted). For example, in light of the executive power over prosecutions, the remedy for a selective prosecution based on impermissible considerations "is to dismiss the prosecution, not to compel the Executive to bring another prosecution," *id.* at 264 n.7; *see United States v. Armstrong*, 517 U.S. 456, 466-67 (1996); an agency's exercise of enforcement discretion is immune from judicial review under the Administrative Procedure Act, *Heckler v. Chaney*, 470 U.S. 821, 831 (1985); and "the refusal to prosecute cannot be the subject of judicial review," *ICC v. Brotherhood of Locomotive Eng'rs*, 482 U.S. 270, 283 (1987).

Article III, meanwhile, provides that the federal courts may exercise only "judicial Power" over "Cases" and "Controversies." U.S.

Const. art. III, § 2, cl. 1. A case or controversy is a "dispute between parties who face each other in an adversary proceeding." *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 242 (1937). And "an actual controversy must be extant at all stages of review." *Steffel v. Thompson*, 415 U.S. 452, 459 n.10 (1974). It follows that, if the dispute between the parties comes to an end, the court's exercise of judicial power must end as well. Here, there is no live controversy between the parties. On appeal, Alberts seeks to have his convictions vacated; the government agrees with that remedy. There is thus no basis for the further exercise of judicial power beyond vacating Alberts's convictions and remanding for dismissal with prejudice.

Under Rule 48(a), "[t]he government may, with leave of court, dismiss an indictment, information, or complaint." "The principal object of [Rule 48(a)'s] 'leave of court' requirement" is "to protect a defendant against prosecutorial harassment." *Rinaldi v. United States*, 434 U.S. 22, 29 n.15 (1977) (per curiam); *see Fokker*, 818 F.3d at 742 (same). If a prosecutor could dismiss cases unilaterally, he could harass a defendant by "charging, dismissing, and recharging . . . over the defendant's objection." *Rinaldi*, 434 U.S. at 29 n.15. But that concern provides no

basis for judicial intervention where, as here, the government seeks dismissal with prejudice. As this Court has recognized, "the Judiciary generally lacks authority to second-guess those Executive determinations" to dismiss charges. *Fokker Servs. B.V.*, 818 F.3d at 737. Indeed, the President's pardon precludes the government from further prosecuting Alberts for "offenses related to events that occurred at or near the United States Capitol on January 6, 2021[.]" *See United States v. Wilson,* 32 U.S. (7 Pet.) 150, 160 (1833) ("A pardon is an act of grace, proceeding from the power intrusted with the execution of the laws, which exempts the individual, on whom it is bestowed, from the punishment the law inflicts for a crime he has committed."). "[A] Rule 48 motion that is not motivated by bad faith is not clearly contrary to manifest public interest, and it *must* be granted." *Rice v. Rivera*, 617 F.3d 802, 811 (4th Cir. 2010) (quotation marks omitted).

## Conclusion

WHEREFORE, the government respectfully requests that this Court vacate Alberts's convictions and remand the case to the district court for dismissal with prejudice under Federal Rule of Criminal Procedure 48(a).

Respectfully submitted,

EDWARD R. MARTIN, JR.
United States Attorney

CHRISELLEN R. KOLB
Assistant United States Attorney

/s/

DANIEL J. LENERZ
D.C. Bar #888283905
Assistant United States Attorney
601 D Street, NW
Washington, D.C. 20530
Daniel.Lenerz@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have caused a copy of the foregoing motion to be served by electronic means, through the Court's CM/ECF system, upon counsel for appellant, Roger Roots, 113 Lake Drive East, Livingston, MT, 59047, on this 22nd day of January, 2025.

/s/
DANIEL J. LENERZ
Assistant United States Attorney

## CERTIFICATE OF COMPLIANCE WITH RULE 27(D)

I HEREBY CERTIFY pursuant to Fed. R. App. P. 27(d)(2)(A) that the foregoing motion contains 1,265 words, and therefore complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A). The motion was prepared in 14-point Century Schoolbook, a proportionally spaced typeface.

/s/
DANIEL J. LENERZ
Assistant United States Attorney